Reed, J.,
delivered the opinion of the court.
The only question to be determined is the correctness of the judgment overruling the demurrer.
As near as can be gathered from the complaint, the county authorities of Chaffee county issued to the appellant a county warrant for the sum of $1,213.76, which was presented for payment to the county treasurer, payment refused; an indorsement was made:
*308 “ Presented July 23, 1885, no funds. This warrant draws interest from this date at 10 per cent per annum
“ E. B. Jones,
“ County Treasurer:”
Appellant sold, assigned and transferred the warrant to appellees “ who paid a valuable consideration therefor, to-wit: the sum of $1,000.” It is alleged also, that for the reasons stated in the complaint, “ said warrant was * * * void, illegal and without validity.” For the purposes of the demurrer the allegations in the complaint must be taken as true, the warrant regarded as void, and the suit as having been brought to recover the amount paid by appellees for the warrant, with the interest upon such sum. According to well established rules of pleading, the allegations in regard to the warrant can only be regarded as inducement or as explanatory of the cause of action, while the cause of action for which recovery could be had was the amount of money advanced and the interest. Testing the sufficiency of the complaint by these rules, it at once becomes apparent that no cause of action is stated in the complaint. Counsel and court appear to have fallen into the error of supposing the action properly based upon the warrant. Counsel prays judgment for the face of the warrant, and interest from the date of presentation, and the court gave a judgment upon the same basis. Judgment was entered by default, no evidence was taken, and damages assessed upon the warrant. The record entry is, “ The complaint herein being duly verified and the action ■being upon contract for liquidated damages,” etc.
It will readily be seen, that not only was the complaint defective, but the judgment erroneous. In all cases, (unless special or extraordinary damages are pleaded) where the consideration for which the money was paid, fails, and the purchaser has a right of action resulting from the character of the transaction, the measure of damage is the amount paid and the interest. The court erred in overruling the demurrer and allowing judgment for the amount of the warrant.
The judgment will be reversed and cause remanded.

Reversed.